UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WADEEAH RAMADAN-NWOKEDI,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>WASHOE COUNTY JAIL, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00490-MMD-CSD<br><br>ORDER |

*Pro Se* Plaintiff Wadeeah Ramadan-Nwokedi brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims to have suffered while detained at Washoe County Detention Facility ("WCDF"). (ECF No. 1-1.) On November 22, 2022, this Court denied Ramadan-Nwokedi's application to proceed *in forma pauperis* ("IFP application") because it was incomplete and ordered her to file a fully complete IFP application or pay the full $402.00 filing fee on or before January 23, 2023. (ECF No. 3.) Ramadan-Nwokedi was warned the action could be dismissed if she failed to file a fully complete IFP application with all three documents or pay the required filing fee by that deadline. (*Id.* at 2.) When the January 23, 2023, deadline expired, Ramadan-Nwokedi had not filed a fully complete IFP application or paid the full $402.00 filing fee.

Because the Court's mail to Ramadan-Nwokedi had been returned as undeliverable and Ramadan-Nwokedi later confirmed that WCDF was her correct address (ECF Nos. 4, 5), the Court considered meaningful alternatives to dismissal and issued another order on March 15, 2023, granting Ramadan-Nwokedi one final opportunity to submit a fully complete IFP application or pay the required filing fee by the deadline of April 14, 2023. (ECF No. 8.) The April 14, 2023, deadline has now expired,

and Ramadan-Nwokedi still has not filed a fully complete IFP application, paid the full $402.00 filing fee, or otherwise responded to the Court's order. And the Court's mail to Ramadan-Nwokedi was again returned as undeliverable. (ECF No. 8.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Ramadan-Nwokedi's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with the Court's orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the Court's finite resources. Setting a third deadline is not a meaningful alternative given these circumstances. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Wadeeah Ramadan-Nwokedi's failure to file a fully complete IFP application or pay the full $402.00 filing fee in compliance with this Court's November 22, 2022, and March 15, 2023, orders.

It is further ordered that the Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Ramadan-Nwokedi wishes to pursue her claims, she must file a complaint in a new case and either pay the required filing fee or properly apply to proceed *in forma pauperis*.

DATED THIS 2nd Day of May 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE